# In the United States Court of Federal Claims

No. 21-1705

Filed: February 1, 2022

|  |  |
|---|---|
| SOSAIA HAVEA, | ) ) ) |
| *Plaintiff,* | ) ) ) |
| v. | ) ) ) |
| THE UNITED STATES, | ) ) ) |
| *Defendant.* | ) ) ) |

## OPINION AND ORDER

**MEYERS, Judge**.

Plaintiff, proceeding *pro se*, has filed a Complaint alleging that he has been the victim of a conspiracy among various law enforcement and judicial officers of the State of Mississippi. The United States has moved to dismiss for lack of jurisdiction and failure to state a claim. Because this Court has no jurisdiction over Plaintiff's claims, the Court must grant the Government's motion and dismiss this case.

**I.    Background[1]**

Plaintiff alleges that on September 13, 2017, he "was in McComb[,] Mississippi where two Pike [C]ounty Sheriff['s] Deputies planted methamphetamine on [him]."  ECF No. 1 ¶ 1.[2] Plaintiff further alleges that these deputies used racial slurs when referring to him.  *Id*.  On September 15, 2017, Plaintiff checked into a hotel where he claims that a judge called him to schedule a trial while "[s]heriffs were planting evidence on me."  *Id*. ¶ 2.  Plaintiff claims that he shouted he was the victim of a conspiracy, which one of the sheriffs acknowledged to be true. *Id*.

Plaintiff alleges that at some point there was a trial in which the court initially awarded him $34 million in restitution.  *Id*. ¶ 1.  While the trial was still underway, however, Plaintiff

---

[1] The background presented is drawn from the Complaint and assumed to be accurate for the purposes of this opinion.  The Court does not make any factual findings.

[2] Plaintiff used the Court's form complaint that has numbered sections.  Citations to paragraph numbers are those in Section 4, "Statement of the Claim."

claims that the presiding judge told him to kill himself at least 17 times, leading Plaintiff to insult the judge, which caused her to suspend the trial. *Id*. This lawsuit followed.

## II.     Standard of Review

The burden of establishing subject matter jurisdiction rests with the plaintiff, who must do so by a preponderance of the evidence. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). A *pro se* plaintiff's pleadings are generally held to "less stringent standards" than those of a professional lawyer. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"). However, the Court cannot extend this leniency to relieve plaintiffs of their jurisdictional burden. *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). Whether a court has jurisdiction is a threshold matter in every case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). "In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citation omitted). "If the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3).

## III.    This Court lacks jurisdiction over Plaintiff's claims.

Because the Court lacks jurisdiction over Plaintiff's complaint for at least three reasons, the Court must dismiss this case. *Id*. First, this Court only has jurisdiction over claims against the United States. As the Supreme Court made clear, "[i]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." *United States v. Sherwood*, 312 U.S. 584, 588 (1941). Therefore, "the *only* proper defendant for any matter before this court is the United States, not its officers, nor any other individual." *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003). And "[t]his court does not have jurisdiction over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees; jurisdiction only extends to suits against the United States itself." *Anderson v. United States*, 117 Fed. Cl. 330, 331 (2014) (citations omitted). But the Complaint only alleges conduct by Pike County, Mississippi sheriff's deputies, a state court judge, and a city records department. ECF No. 1 ¶¶ 1-2, 5. In fact, Plaintiff pleads that each of his claims is brought "against the State of Mississippi." *Id*. ¶¶ 1-5. Because Plaintiff does not plead anything regarding the United States, the Court lacks jurisdiction over his Complaint.

Second, none of the statutes Plaintiff identifies confer jurisdiction on this Court. Two of the statutes are criminal statutes, 18 U.S.C. § 2340 and 18 U.S.C. § 371. *Id*. at 1. But "the jurisdiction of the United States Court of Federal Claims does not include jurisdiction over criminal causes of action." *Harvey v. United States*, 149 Fed. Cl. 751, 766-67 (2020) (collecting cases), *aff'd* 845 F. App'x 923 (Fed. Cir. 2021). Therefore, neither of these statutes provide this Court jurisdiction. The same is true with the third statute Plaintiff relies upon for this Court's jurisdiction, 28 U.S.C. § 351. ECF No. 1 at 1. Section 351 addresses filing a complaint against a judge and states that a plaintiff may file allegations against a *federal* judge in "the court of

appeals for the circuit" in which the judge presides.  This Court is not, however, a court of appeals and Section 351 does not provide this Court with jurisdiction over the Complaint.

Finally, much of what Plaintiff alleges are tort claims that are beyond this Court's jurisdiction under the Tucker Act, which provides jurisdiction over claims "not sounding in tort." 28 U.S.C. § 1491(a)(1).  For example, Plaintiff alleges claims for "pain and suffering," "emotional distress," and "negligence."  ECF No. 1 ¶¶ 1-5.  Because "[t]he Tucker Act specifically excludes claims 'sounding in tort' from the jurisdiction of the [Court of Federal Claims]," this Court cannot hear these claims.  *Harvey*, 845 F. App'x at 926.

## Conclusion

Because the Court lacks jurisdiction over Plaintiff's Complaint, the Government's Motion to Dismiss, ECF No. 7, is **GRANTED**.  Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*, ECF No. 2, is **GRANTED**.

**IT IS SO ORDERED.**


        s/ Edward H. Meyers
        Edward H. Meyers
        Judge